UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ADELCHI MANCUSI,

    Plaintiff,

v.

PRADA USA CORP.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, PRADA USA Corp. (hereinafter "PRADA" or "Defendant"), by and through its undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1332, 1441, and 1446, files its Notice of and Petition for Removal (the "Notice"). Defendant requests that the Court remove this action filed by Plaintiff, Adelchi Mancusi ("Plaintiff"), from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, to the United States District Court for the Southern District of Florida, Miami Division. The removal of this action is based upon the following:

    1.    On or about February 5, 2019, Plaintiff initially filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Adelchi Mancusi v. Prada USA Corp.* (the "Circuit Court case"). The Circuit Court case was assigned case number 2019-002912-CA-01. *See* **Exhibit 1**, attached (hereinafter "Compl."). The two count complaint alleges violations of the Florida Civil Rights Act.

    2.    On March 8, 2019 Defendant filed its Answer to the Complaint.

CASE NO_____

3. Pursuant to paragraph 3 of the Complaint, Plaintiff is a resident of the State of Florida. *See* Compl. ¶ 3.

4. Contrary to Plaintiff's erroneous allegations in paragraph 4, Defendant is a Delaware corporation with its main place of business in New York City, New York. *See* Sunbiz printout attached hereto as **Exhibit 2**.[1] *See also* Declaration of David R. Warren attached hereto as **Exhibit 3**.

5. The Complaint did not contain information sufficient to determine whether the amount in controversy is sufficient to establish diversity jurisdiction in this matter.

6. On March 29, 2019, Defendant served a Request for Admissions upon Plaintiff. *See* **Exhibit 4**.

7. Request for Admission 1 states as follows: "Admit that Plaintiff will not seek or accept damages in excess of $75,000 in this Action, inclusive of compensatory damages, punitive damages, attorneys' fees and the fair value of any injunctive relief, exclusive of interests and/or costs."

8. On May 10, 2019, Plaintiff served his responses to Defendant's Request for Admissions. *See* **Exhibit 5** (hereinafter "RFA Response").

---

[1] This Court may take judicial notice of documents filed with the Florida Division of Corporations. *See e.g. Sziranyi v. Dunn*, 2009 U.S. Dist. LEXIS 128536, *6, 2009 WL 6613675 (S.D. Fla. 2009) (taking judicial notice of the August 28, 2003 registration of "Allan R. Dunn, M.D., P.A." as a "Florida Profit Corporation") (*citing* Sunbiz.org, the Florida Department of State, Division of Corporations' website); *Allstate Ins. Co. v. Estate of Levesque*, 2010 U.S. Dist. LEXIS 83299, *4 (MD Fla. 2010) (taking judicial notice of documents on file with the Florida Division of Corporations). Defendant requests that this Court take judicial notice that Exhibit 2 was filed with the Florida Division of Corporations by Prada USA Corp. Defendant further requests that this Court take judicial notice that Prada USA Corp. reported itself to be a foreign limited liability corporation organized in the State of Delaware, and reported that its principals were located in the State of New York. Copies of the *Sziranyi* and *Allstate Ins. Co.* cases are attached hereto as **Exhibit 7** for the Court's convenience.

CASE NO_____

9. In his response, Defendant denied Request for Admission No. 1. *See* RFA Response ¶ 1.

10. Based on Plaintiff's Response to Defendant's Request for Admissions, Defendant ascertained for the first time that this case has become removable pursuant to 28 U.S.C. § 1446(b)(3).

11. Therefore, this Notice, which has been filed within 30 days after service upon Defendant of the "other paper" that made this case removable, is timely.

12. Copies of all process, pleadings, and orders of every kind filed in this case are attached to this Notice as **Exhibit 6**, as required by 28 U.S.C. § 1446(a).

13. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all adverse parties in this action and has filed a copy of this Notice in the Circuit Court in and for Miami Dade County, Florida.

14. The United States District Court for the Southern District of Florida, Miami Division, includes the judicial county in which Plaintiff filed his Complaint. Thus, removal to this Court is proper. *See* 28 U.S.C. § 1441(a).

**I.    DIVERSITY OF CITIZENSHIP EXISTS**

15. This Court has original jurisdiction over Plaintiff's claims because diversity of citizenship exists.

16. For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff. *Id.* (*citing* 28 U.S.C. § 1332).

17. At all relevant times, Plaintiff alleges he has been, and is, a resident and citizen of

Miami Dade County, Florida. *See* Plaintiff's Complaint, **Exhibit 1**, ¶ 3.

18. At the time the Complaint in the Circuit Court case was filed, Defendant PRADA USA Corp. was, and continues to be, a Delaware corporation, with its principal place of business in New York City, New York. *See* **Exhibit 2.** *See also* Declaration of David R. Warren, previously attached as **Exhibit 3**. The New York City headquarters is the center of management. *Id.* Defendant's officers direct, control, and coordinate Defendant's activities out of New York. *Id.* Thus, pursuant to 28 U.S.C. § 1332, Defendant PRADA USA Corp. is a citizen of both Delaware and New York. *See also* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters….") (citations omitted).

19. Because Plaintiff is a citizen of Florida, and Defendant PRADA USA Corp., is a citizen of the States of Delaware and New York, complete diversity of citizenship exists, and diversity jurisdiction is proper in this matter.

**II. AMOUNT IN CONTROVERSY**

20. Pursuant to 28 U.S.C. § 1446, as amended, the notice of removal may assert that the amount in controversy and removal is proper if the district court finds that Defendant has plausibly alleged that the amount in controversy exceeds $75,000.

21. In *Dart Cherokee Basin Operating Co., v. Owens,* the U.S. Supreme Court explained that a defendant need only provide a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. 135 S. Ct. 547, 554 (2014). Only when the

4

plaintiff or the Court questions such allegation is a defendant required to present evidence establishing that the amount in controversy requirement is met.  *Id.*

22. If a Plaintiff challenges jurisdiction, a removing defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it," but simply has to show, by preponderance of the evidence, that the threshold is satisfied.  *Thomas v. Family Dollar Stores of Fla., Inc.,* No. 8:17-cv-583, 2017 U.S. Dist. LEXIS 65963, at **3-4 (M.D. Fla.  May 1, 2017) (denying plaintiff's motion to remand).

23. Here, the amount in controversy exceeds $75,000.00 because Plaintiff admitted in his Response to Request for Admissions that he seeks relief in excess of $75,000.00.  *See* RFA Response, ¶ 1.  Based upon Plaintiff's admission, the amount in controversy threshold is satisfied in this matter.

WHEREFORE, Defendant, PRADA USA Corp. respectfully requests that the United States District Court for the Southern District of Florida accept the removal of this action from the Circuit Court and direct that the Circuit Court in and for Miami Dade County, Florida, has no further jurisdiction of this matter unless and until this case is remanded.

Dated: June 5, 2019                                     Respectfully submitted,

                                                             JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 577-7600
Facsimile:  (305) 373-4466

By:  *s/ Edwin Cruz*
Edwin Cruz, Esq.
Florida Bar No. 55579
E-Mail: *edwin.cruz@jacksonlewis.com*
*Counsel for Defendant*

CASE NO_____

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Edwin Cruz*
Edwin Cruz, Esq.

## SERVICE LIST

| | |
|---|---|
| Anthony Georges-Pierre, Esq.<br>E-mail: *agp@rgpattorneys.com*<br>REMER & GEORGES-PIERRE, PLLC<br>44 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone: (305) 416-5000<br>Facsimile: (305) 416-5005<br><br>*Counsel for Plaintiff* | Edwin Cruz, Esq.<br>E-mail: *edwin.cruz@jacksonlewis.com*<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466<br><br>*Counsel for Defendant* |